JOSEPHUS SCOTT

v.

SAMUEL P. SHARP AND J. H. RICE.

*Contradictory Evidence—Question for Jury.*

Where the only ground relied upon for the reversal of a judgment is that the verdict is contrary to the evidence, and the evidence is so contradictory that, in the opinion of this court, it was for the jury to decide which side was worthy of belief, their finding will not be disturbed.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Edgar County; the Hon. J. F. HUGHES, Judge, presiding.

Mr. ROBERT L. McKINLAY, for plaintiff in error.

Where the jury capriciously disregard the evidence a new trial should be granted. C., B. & Q. R. R. Co. v. Stumps, 69 Ill. 409.

A verdict against the evidence can not be sustained. C. & A. R. R. Co. v. Rice, 71 Ill. 567.

In all cases where the verdict is palpably against the weight of the evidence it should be set aside. Belden v. Innis, 84 Ill. 78.

Messrs. H. S. TANNER and WILLIAM E. DAVID, for defendants in error.

Conflicting testimony is left to the jury, and it is the province of that body to weigh it, and unless gross wrong is perpetrated by the jury the verdict will not be disturbed. Carpenter v. Ambroson, 20 Ill. 170.

*Per Curiam.* This was a suit originally brought before a Justice of the Peace to recover the value of mole ditches made by defendants in error for plaintiff in error, and the case was appealed to the Circuit Court, where it was tried and judgment rendered against plaintiff in error for $104.80.

No instructions were given, and the ground relied upon for reversal is that the verdict is contrary to the evidence. We have examined the evidence and find it so contradictory that we think it was for the jury to determine which side was worthy of belief, and that their finding ought not to be disturbed. Com. M. L. Ins. Co. v. Ellis, 89 Ill. 516. The judgment of the court below will be affirmed.

*Affirmed.*